ANDREW SOUKUP (*pro hac vice* pending)
asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

MATTHEW Q. VERDIN (SBN 306713)
mverdin@cov.com
DOMINIC BOOTH (SBN 339731)
dbooth@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000

*Attorneys for Defendant Capital One, National Association*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MONTES, BRANDON MASJEDIAN, and DONALD NGUYEN on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>    Defendant. | **DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL** |

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Capital One, National Association ("Capital One") hereby removes this civil action from the Superior Court of the State of California, County of Contra Costa (where this action bore the case number No. C24-01422), to the United States District Court for the Northern District of California. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441.

In further support of this Notice of Removal, Capital One states as follows:

## I.      PROCEDURAL HISTORY

1.      On May 30, 2024, Plaintiff Omar Montes filed this putative class-action lawsuit in the Superior Court of the State of California, County of Contra Costa, on behalf of himself and all others similarly situated. On July 24, 2024, an amended complaint was filed, which added two Plaintiffs, Brandon Masjedian and Donald Nguyen (along with Montes, collectively, "Plaintiffs"). A true and correct copy of the original Class Action Complaint is attached hereto as **Exhibit 1**. The Superior Court assigned the case number C24-01422. The First Amended Class Action Complaint ("Complaint") is attached hereto as **Exhibit 2**. A true and correct copy of the Summons, as served on Capital One, is attached hereto as **Exhibit 3**. A true and correct copy of the Civil Case Cover Sheet served on Capital One is attached hereto as **Exhibit 4**. A true and correct copy of the Notice of Case Assignment for Case Management Determination served on Capital One is attached hereto as **Exhibit 5**. A true and correct copy of the ADR Information Sheet served on Capital One is attached hereto as **Exhibit 6**. A true and correct copy of the Blank Case Management Statement served on Capital One is attached hereto as **Exhibit 7**. A true and correct copy of the Blank Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days served on Capital One is attached hereto as **Exhibit 8**. A true and correct copy of the Notice and Acknowledgement of Receipt concerning the original Class Action Complaint and service package, served on Capital One on July 24, 2024, and signed by Capital One, is attached hereto as **Exhibit 9**. A true and correct copy of the Notice and Acknowledgement of Receipt concerning the First Amended Complaint, served on Capital One on August 1, 2024, and signed by Capital One, is attached hereto as **Exhibit 10**. A true and correct copy of the state court docket, as of the time of this filing, is attached as **Exhibit 11**.

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

2. Exhibits 1–10 constitute all of the process, pleadings, and orders served on Capital One in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a).

3. Plaintiffs filed this case in California state court after Plaintiff Montes previously dropped the same claims from a case he previously filed and lost in this Court. *See Montes v. Capital One, N.A.*, 5:23-cv-04052-BLF (N.D. Cal. 2023), ECF Nos. 20, 26. Plaintiff Montes continued to pursue his breach of contract claim—premised on the same factual allegations as those at issue here—in federal court, and this Court granted Capital One's motion to dismiss that claim on April 15, 2024. *See id.*, ECF No. 39.

4. As in Plaintiff Montes's prior complaint, Plaintiffs allege that Capital One promised to provide them and other applicants of Capital One's Quicksilver and SavorOne credit cards a cash sign-up bonus but that Capital One then did not provide that bonus. Ex. 2 ¶¶ 4–7, 17–18, 34–55. Specifically, Plaintiffs assert that Capital One's advertising led them to believe they would receive a cash sign-up bonus if they signed up for a Quicksilver or SavorOne credit card and spent $500 on those cards within the first three billing cycles. *Id.* ¶¶ 36–37, 42, 50. Plaintiffs claim they then did not receive the bonus after they signed up for Quicksilver and SavorOne credit cards and met the spending requirements. *Id.* ¶¶ 37, 45, 53. Plaintiffs also allege that Capital One failed to inform them that it had approved them for Quicksilver and SavorOne cards without sign-up bonuses, and that they would not have applied for the cards or spent $500 on them had they known they would not receive the sign-up bonuses. *Id.* ¶¶ 39, 47, 55.

5. Based on these allegations, Plaintiffs assert two claims: one for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof Code § 17200, *et seq.*, and one for violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof Code § 17500, *et seq.* Ex. 2 ¶¶ 69–75. Plaintiffs seek to represent a class of Capital One credit card holders "who reside in California" and who, during the applicable limitations period, "were approved for a Quicksilver or SavorOne Rewards credit card but did not receive a sign-up bonus despite timely meeting spending requirements in the first three months of opening their accounts." *Id.* ¶ 57.

## II.   **<u>PARTIES</u>**

6. Plaintiff Montes is a natural person who allegedly resides in El Sobrante, California. *Id.* ¶ 12.

7. Plaintiff Nguyen is a natural person who allegedly resides in Milpitas, California. *Id.* ¶ 13.

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

8.      Plaintiff Masjedian is a natural person who allegedly resides in Beverly Hills, California. *Id*. ¶ 14.

9.      Capital One is a national banking association with its main office in Virginia. *Id*. ¶ 16.

## III.     TIMELINESS OF REMOVAL

10.     Capital One was served in this action on July 24, 2024. *See* Exhibit 9. This Notice of Removal has been filed within 30 days of service. This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

## IV.     BASIS FOR REMOVAL JURISDICTION

11.     The claims asserted by Plaintiffs give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The action therefore is removable to this Court under 28 U.S.C. § 1441 and § 1453.

12.     Capital One also invokes all other grounds for removal that exist under applicable law.

12.     The recitation of Plaintiffs' allegations in this Notice is not a concession that Plaintiffs' allegations or legal theories have merit. Capital One reserves the right to assert all applicable defenses in this matter and deny that Plaintiffs or any member of the putative class are certified to any relief.

13.     This Court has jurisdiction over this action under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B). Indeed, in Plaintiff Montes's prior complaint, which rested on the same factual allegations at issue in this Complaint, Plaintiff Montes alleged that "[t]his Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)." *See* Compl., *Montes v. Capital One, N.A.*, 5:23-cv-04052-BLF, ECF No. 20, ¶ 7 (N.D. Cal. 2023).

**A.      CAFA's "class action" requirement is satisfied.**

14.      CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

15.      This case qualifies as a class action removable under Section 1332(d)(1)(B).  Plaintiffs' Complaint, which is styled as a "First Amended Class Action Complaint," states that they "seek relief . . . on behalf of a Class of all others similarly situated" and "bring this action on behalf of themselves and the members of the proposed Class."  Ex. 2 ¶¶ 15, 57.

16.       Specifically, Plaintiffs seek to represent a class of "[a]ll Capital One accountholders who reside in California and who, from the beginning of the applicable statutory period through present, were approved for a Quicksilver or SavorOne Rewards credit card but did not receive a sign-up bonus despite timely meeting spending requirements in the first three months of opening their accounts."  *Id.* ¶ 57.

**B.      CAFA's minimal diversity requirement is satisfied.**

17.      CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  This requirement is satisfied here because (a) Plaintiffs are allegedly residents of California, *see* Ex. 2 ¶¶ 12–14, and (b) Capital One is not a citizen of California, *see id.* ¶ 16.  Capital One's headquarters are not in California, and it does not maintain its principal place of business in California.  *Id.*  Because Capital One is diverse from Plaintiffs, CAFA's minimal diversity requirement is satisfied.  *See King v. Great Am. Chicken Corp.*, 903 F.3d 875, 877 (9th Cir. 2018) (removal proper when defendant identified "at least one member of the putative class [who] was a citizen of a state other than [the defendant's state of citizenship]").

18.      Additionally, Plaintiffs seek to represent a putative California class of "[a]ll Capital One accountholders who" were affected by the alleged conduct at issue.  Ex. 2 ¶ 57.  As such, the putative class also includes members who are diverse from Capital One, which similarly satisfies CAFA's minimal diversity requirement.

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

**C.      CAFA's amount-in-controversy requirement is satisfied.**

19.      CAFA jurisdiction requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold.  *Id.* § 1332(d)(6).

20.      A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (recognizing *Dart*'s holding).

21.      The relevant statutes of limitations are four years (or May 30, 2020) for a claim of a violation of the UCL, *see* Cal. Bus. & Prof. Code § 17208, and three years (or May 30, 2021) for a claim of a violation of the FAL, *see* Cal. Civ. Proc. Code, § 338(a) (setting a three-year statute of limitations for a liability created by statute).  Plaintiff Montes's prior complaint, which rested on the same factual allegations at issue in this Complaint, stated that the amount in controversy "exceeds the sum of $5 million in the aggregate."  Compl., *Montes v. Capital One, N.A.*, 5:23-cv-04052-BLF, ECF No. 20, ¶ 7 (N.D. Cal. 2023).  Based on Capital One's preliminary review of its records, Capital One has no basis at this time to disagree with this conclusion.

22.      While the results of Capital One's review are alone sufficient to satisfy CAFA's amount in controversy requirement, the Complaint itself seeks restitution of the allegedly promised and unpaid sign-up bonuses, attorneys' fees, injunctive relief, and pre-judgment interest.  *See* Compl., Prayer for Relief. These monetary remedies and fees are included in any amount-in-controversy analysis.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy [for purposes of removal under CAFA] includes damages . . . the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").  Given that Plaintiffs seek to represent a putative class that they allege to include "thousands of members," Ex. 2 ¶ 60, there is a "plausible" basis to conclude that "the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

23.     For the reasons set forth above, the Complaint places more than $5,000,000 in controversy, exclusive of interest and costs, and CAFA's amount-in-controversy requirement is satisfied.  *See id.* at 85.

**D.     CAFA's numerosity requirement is satisfied.**

24.     This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5)(B).  Plaintiffs purport to state claims on behalf of a class of persons within California who held Capital One credit cards and were charged cash advance fees for certain kinds of transactions during the applicable limitations period.  Ex. 2 ¶ 57.  Plaintiffs allege that "[t]he Class consists of thousands of members."  *Id.* ¶ 60.  As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

**E.     None of the exceptions to CAFA jurisdiction apply.**

25.     None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3)–(4) applies here, as Capital One is not a citizen of California.  Moreover, "[t]he burden of establishing that a CAFA exception applies" would be on Plaintiffs.  *King*, 903 F.3d at 878; *see also Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1122 (9th Cir. 2017) ("The burden is not on [defendant] to prove the inapplicability of a CAFA exception[.]").  For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

**F.     No other exceptions to subject matter jurisdiction apply.**

26.     Plaintiffs appear to have filed this case in state court based on their mistaken belief that "federal courts in the Ninth Circuit do not have jurisdiction over . . . equitable UCL claim[s] for restitutionary relief and the Ninth Circuit directs that California state courts have jurisdiction over equitable UCL claims."  Ex. 2 ¶ 9.  The Ninth Circuit has said no such thing.  Rather, the Ninth Circuit has said that "equitable jurisdiction is distinct from subject matter jurisdiction."  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022).  For the reasons set forth above, this Court has subject matter jurisdiction over this action, and removal to federal court is therefore proper.  To the extent Plaintiffs believe federal courts separately lack equitable jurisdiction over their UCL claim—as they allege in Paragraph 9 of their Complaint in this case—then state courts cannot hear those claims either.  *See*

*Prudential Home Mortg. Co. v. Superior Ct.*, 66 Cal. App. 4th 1236, 1249 (1998) (no equitable jurisdiction over UCL claim).

**V.    REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, IS PROPER**

27.    Removal to the Northern District of California is proper because it is the district within which the state action is pending.  *See* 28 U.S.C. § 1446(a).

28.    Removal to the Oakland Division of the Northern District of California is proper because it is the division within which the state action currently is pending.  *See id.*

**VI.    NOTICE TO STATE COURT AND PLAINTIFFS**

29.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Contra Costa, and served upon counsel for Plaintiffs promptly.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Contra Costa, No. C24-01422, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1453.

DATED: August 22, 2024                    COVINGTON & BURLING LLP

                                          By: */s/ Matthew Q. Verdin*

                                          ANDREW SOUKUP (*pro hac vice* pending)
                                          asoukup@cov.com
                                          COVINGTON & BURLING LLP
                                          One CityCenter
                                          850 Tenth Street, NW
                                          Washington, DC 20001-4956
                                          Telephone: (202) 662-6000

                                          MATTHEW Q. VERDIN (SBN 306713)
                                          mverdin@cov.com
                                          DOMINIC BOOTH (SBN 339731)
                                          dbooth@cov.com
                                          COVINGTON & BURLING LLP
                                          Salesforce Tower
                                          415 Mission Street, Suite 5400

San Francisco, CA 94105-2533
Telephone: (415) 591-6000

*Attorneys for Defendant Capital One, National Association*

DEFENDANT CAPITAL ONE, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL