Annick M. Persinger (CA Bar No. 272996)
*apersinger@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

Hassan A. Zavareei (CA Bar No. 181547)
*hzavareei@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, Northwest, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MASJEDIAN and DONALD NGUYEN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION<br><br>Defendant. | Case No. 3:24-cv-05677-MMC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED)<br><br>Judge: Hon. Maxine M. Chesney |

Plaintiffs Brandon Masjedian and Donald Nguyen bring this action on behalf of themselves and all others similarly situated against Defendant Capital One, National Association ("Capital One" or "Defendant"). Plaintiffs make the following allegations based on the investigation of their counsel, and based upon information and belief, except as to those allegations specifically pertaining to themselves, which are based on their personal knowledge.

## NATURE OF ACTION

1.    To lure California consumers into applying for SavorOne and Quicksilver branded credit cards (together, the "Credit Cards" or "Cards") and into meeting spending requirements, Capital One advertises cash back sign-up bonuses that mislead and confuse consumers. Capital One uses a fraudulent scheme where it advertises SavorOne and Quicksilver branded Credit Cards with cash bonuses worth hundreds of dollars that it then fails to deliver to thousands of California applicants like Plaintiffs and similarly situated Class Members after they are approved for SavorOne and Quicksilver branded Credit Cards and meet spend requirements.

2.    Despite widely advertising the cash sign-up bonus to bait customers into applying for SavorOne and Quicksilver branded Credit Cards, Capital Ones reserves for itself the unilateral right to switch the terms after applicants submit their applications by considering and approving applicants for SavorOne or Quicksilver branded Cards that appear identical but that— unbeknownst to affected applicants—do not include the advertised sign-up bonus.

3.    In this scheme, while Capital One touts a sign-up bonus worth hundreds in cash back to gain customers by inducing them to apply and use the Cards to meet spend requirements, Capital One, in fact, only intends to provide the cash bonus to a much smaller subset of customers it unilaterally determines have excellent credit. Thus, while it uses ubiquitous and targeted advertising to tout the bonus to entice applicants, Capital One never plans to award the cash bonus to many of the hundreds of thousands of customers it induced to apply for SavorOne and Quicksilver branded Cards with its advertised cash bonus.

4.    Though it advertised a sizeable cash back bonus for applying and using the Cards, Capital One never told applicants like Plaintiffs and similarly situated Class Members that there was a possibility that they could be approved for a Card that does not include the bonus. Capital

One also never told applicants like Plaintiffs and similarly situated Class Members that they did not qualify for the cash bonus when it approved them for a SavorOne or Quicksilver branded Card. Instead, while never mentioning its unilateral determination that the bonus did not apply to them, Capital One unilaterally decided to approve Plaintiffs and similarly situated Class Members for a Card with the same SavorOne or Quicksilver branding that appeared physically identical to the Card they applied for but that did not qualify for the bonus.

5.    Because Capital One never disclosed to Plaintiffs and similarly situated Class Members that they had not qualified for the sign-up bonus that induced them to apply for the Credit Card at the outset, they had no reason to believe that they would not receive the sign-up bonus if they used the SavorOne and Quicksilver branded Cards to meet spend requirements. As such, for the many applicants like Plaintiffs for whom Capital One unilaterally decides are not eligible for the advertised bonus (without ever mentioning this fact to affected applicants), the cash bonus is a trick to get them to apply for Quicksilver and SavorOne branded Credit Cards and to then use the Card to meet spend requirements—without ever having to provide the cash back to the customers it induced to apply with the cash bonus advertised at the outset.

6.    As a result of Capital One's misleading and confusing advertising of its sign-up bonus, Plaintiffs and other California consumers (including numerous consumers who have complained online), have been duped into applying for SavorOne and Quicksilver branded Credit Cards and meeting spend requirements to obtain an advertised sign-up bonus that Capital One unilaterally reserved the right to deny—while never disclosing that it had decided that Plaintiffs and similarly situated Class Members had not qualified for the sign-up bonus that induced them to apply for the Credit Card at the outset.

7.    Capital One's (i) misleading and confusing practice of advertising the sign-up bonus with SavorOne and Quicksilver branded Cards, (ii) omission that Plaintiffs and Class Members were ineligible for the sign-up bonus after they had been approved for SavorOne and Quicksilver Credit Cards, and (iii) failure to provide the promised sign-up bonus violates California's Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200 *et seq.*, and California's False Advertising Law ("FAL"), Bus. & Prof. Code 17500 *et seq.* Plaintiffs, on behalf of

themselves and the Class (defined below), seek to end Capital One's deceptive practices and sue for restitution and injunctive relief, as set forth below.

## JURISDICTION AND VENUE

8.     **Subject Matter Jurisdiction**. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, exclusive of costs and interest, exceeds the sum of $5 million in the aggregate. In total, there are well over 100 members of the proposed Class that are known to exist. Complete diversity exists between at least one plaintiff and one defendant.

9.     **Personal Jurisdiction**. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this District and in the State of California through its offering and servicing of credit products to consumers in California through its website, by phone, and by mail. In addition, Plaintiffs and the Class have suffered injury as a result of Defendant's acts in this District.

10.     **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

11.     Plaintiff Brandon Masjedian is and was at all relevant times a citizen of the State of California, residing in Beverly Hills, California. Mr. Masjedian applied and was approved for the SavorOne Credit Card on Capital One's website in May 2024. Plaintiff Brandon Masjedian maintains a credit card account for a Capital One SavorOne Credit Card.

12.     Plaintiff Donald Nguyen is and was at all relevant times a citizen of the State of California, residing in Milpitas, California. Mr. Nguyen applied and was approved for the SavorOne Credit Card on Capital One's website in March 2024. Plaintiff Donald Nguyen maintains a credit card account for a Capital One SavorOne Credit Card.

13.     Plaintiffs seek relief in their individual capacities and on behalf of a Class of all others similarly situated.

14.     Defendant Capital One, National Association is a national bank with its headquarters and principal place of business in McLean, Virginia, and is wholly owned by Capital One Financial Corporation.

## FACTS COMMON TO ALL CLAIMS

**A.     Capital One's Deceptive Advertising of Sign-Up Bonuses**

15.     Capital One touts a sign-up bonus worth hundreds of dollars in cash back to promote its SavorOne and Quicksilver branded Credit Cards to California consumers so that they will apply for Credit Cards and become customers of Capital One.

16.     Capital One advertises its sign-up bonus in a misleading and confusing manner to a wider swathe of customers than will ever qualify for the bonus because Capital One wants them to apply for the Credit Cards based on the belief that they will receive a cash bonus.

17.     According to Capital One's initial advertising of the SavorOne and Quicksilver branded Credit Cards, the sign-up bonus is worth hundreds of dollars if consumers apply for SavorOne or Quicksilver branded Credit Cards and then spend a specified amount on those Cards within a certain time frame.

18.     Capital One offers this cash back bonus for approved applicants of its SavorOne and Quicksilver branded Credit Cards on sites like NerdWallet, The Points Guy, Credit Karma, and Google, and targets consumers with cash sign-up bonus offers by mail, by email, and using social media. Capital One widely advertises its sign-up bonus to persuade consumers to apply for its SavorOne and Quicksilver Credit Cards to get the cash back bonus.

19.     Capital One widely advertises its sign-up bonus even though it knows that most of the consumers it is advertising its bonus to will not ever be awarded a bonus. Capital One avoids having to pay the advertised bonus to many of the hundreds of thousands of applicants who it induces to apply with the bonus by reserving the right to "consider" applicants for "other cards."

20.     But, while Capital One vaguely mentions in fine print during the application process that it reserves the right to consider consumer for "other cards," it fails to mention that these "other cards" have the exact same SavorOne or Quicksilver branding and appear physically identical to the Card applied for but do not include the sign-up bonus. *See* **Exhibit A**, SavorOne

Rewards Application (July 18, 2024), https://perma.cc/PS9M-69PM ("If you don't qualify, we may consider you for other cards. We'll only check your credit once, and it won't affect your SavorOne application."); **Exhibit B**, Savor Application (Jan. 3, 2025), https://perma.cc/W44V-MJHV (same); **Exhibit C**, Quicksilver Application (July 18, 2024), https://perma.cc/LX3B-Y4XZ (same). Indeed, misleading and confusing consumers, Capital One never says that applicants may be approved for a Card, but not the bonus.

21.    Capital One also never tells applicants that it considered and approved them for "other" SavorOne and Quicksilver branded Credit Cards that are not associated with the bonus. Instead, Capital One first advertises a sign-up bonus, and subsequently omits all mention of the fact that it has determined that the applicant is not eligible for the cash back bonus after approval.

22.    In sum, while Capital One mentions in fine print that it may consider applicants for "other" similarly branded cards, Capital One never says in its advertising at the outset or after approval that there is a possibility that they could be approved for a Card that did not have the sign-up bonus. Capital One's failure to mention at any point that the sign-up bonus is not included for customers who qualify for "other" cards is compounded by the fact that the Credit Cards that Capital One sends after approval are (i) identically branded as SavorOne and Quicksilver Credit Cards and (ii) appear physically exactly the same as the Credit Cards associated with the cash back sign-up bonus that Capital One prominently advertised at the outset of the transaction to persuade consumers to apply. Because Capital One advertised the sign-up bonus and then completely failed to tell Plaintiffs and similarly situated Class Members that they had not qualified for the sign-up bonus, Plaintiffs and similarly situated Class Members had no reason to believe that they would not receive the cash back bonus advertised at the outset.

23.    Capital One's advertising at the outset and subsequent failure to disclose that the initially advertised sign-up bonus does not apply thus misleads and confuses consumers who apply for SavorOne and Quicksilver Cards advertised with the sign-up bonus and who meet spend requirements to obtain cash bonuses based on their reasonable expectation that they would receive the bonus.

1. ***Capital One's Consistent Ubiquitous and Targeted Advertising of the Sign-Up Bonus***

24. Capital One consistently advertises its SavorOne[1] and Quicksilver branded Credit Cards with the cash bonus to lure consumers into applying for SavorOne and Quicksilver branded Credit Cards. Capital One advertises the cash bonus for the Cards on Capital One's websites, as well as on NerdWallet, The Points Guy, Credit Karma, and Google. Additionally, Capital One targets consumers with these cash bonus offers using several methods of targeted advertising. Capital One directs these advertisements to appear in consumers' individual social media accounts, mails them to their home addresses, and sends them to their personal email addresses.

25. Specifically, at the outset of the transaction, Capital One promised Plaintiffs and Class Members a sign-up bonus, ranging from $150 to $500 using both widespread and targeted offers. As shown below, the promised sign-up bonus is featured prominently on the Credit Cards' offer pages[2]:





**Savor Rewards from Capital One**

Earn unlimited 3% cash back on food and fun, plus a $200 cash bonus [1,2]

See If I'm Pre-Approved

Apply Now

View important rates and disclosures
Rewards terms

Credit Level: EXCELLENT
★★★★★ Read all 1,819 reviews

### Earn $200
As a one-time bonus once you spend $500 within 3 months of account opening. [2]

### $0 annual fee
Plus, there are no foreign transaction fees on purchases made outside of the United States.

### Low intro APR
0% intro APR for 15 months on purchases and balance transfers; 19.24% - 29.24% variable APR after that; Balance transfer fee applies. See pricing and terms for details.

### Earn 5% cash back
Earn unlimited 5% cash back on hotels and rental cars booked through Capital One Travel.

### Earn 3% cash back
Earn unlimited 3% cash back at grocery stores, on dining, entertainment and popular streaming services. [1]

### Earn 1% cash back
Earn unlimited 1% cash back on all other purchases and rewards don't expire for the life of the account.

---

[1] A SavorOne branded Card is defined as the credit card issued by Capital One which, prior to October 2024, was called the "SavorOne" and that is now called the "Savor" card after October 2024.

[2] *Savor Rewards from Capital One*, Capital One (Jan. 3, 2025), https://perma.cc/ZKQ4-GKTY?type=image; *SavorOne Rewards from Capital One*, Capital One (July 15, 2024), https://perma.cc/YNR3-L98T?type=image; *Quicksilver from Capital One*, Capital One (July 15, 2024), https://perma.cc/6RFL-4LMA?type=image.



## SavorOne Rewards from Capital One

Earn unlimited 3% cash back on dining, entertainment, popular streaming services & at grocery stores [1]

[See If I'm Pre-Approved]

[Apply Now]

Credit Level: EXCELLENT

★★★★★ Read all 1,855 reviews

View important rates and disclosures

### $0 annual fee
plus no foreign transaction fees on purchases made outside of the United States.

### Earn $200
as a one-time cash bonus once you spend $500 within 3 months of account opening. [2]

### Low intro APR
0% intro APR for 15 months on purchases and balance transfers; 19.99% - 29.99% variable APR after that; Balance transfer fee applies. See pricing and terms for details.

### Earn 5%
cash back on hotels and rental cars booked through Capital One Travel.

### Earn 3%
cash back on dining, entertainment, popular streaming services and at grocery stores. [1]

### Earn 1%
cash back on every purchase and rewards don't expire for the life of the account.



## Quicksilver from Capital One

Earn unlimited 1.5% cash back on every purchase, every day. Plus, a $200 Cash Bonus.

See new cardmember offer details below.

[See if I'm Pre-Approved]

[Apply Now]

Credit Level: EXCELLENT

★★★★★ Read all 6,398 reviews

View important rates and disclosures

### Earn 1.5%
cash back on every purchase, every day, and rewards don't expire for the life of the account.

### Earn $200
as a one-time cash bonus once you spend $500 within 3 months from account opening. [1]

### Low Intro APR
0% intro APR for 15 months on purchases and balance transfers; 19.99% - 29.99% variable APR after that; Balance transfer fee applies. See pricing and terms for details.

### $0 Annual Fee
plus no foreign transaction fees on purchases made outside of the United States.

---

8

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

26.    Capital One also advertises the Credit Cards through sponsored links on Google, appearing as the first searches for the Credit Cards, with the sign-up bonus offer prominently displayed.

      a.    Capital One's sponsored link on Google for the SavorOne Card states "Spend $500, Earn $200"[3]:



**Sponsored**

Capital One®
https://www.capitalone.com › creditcards › savorone

## Capital One® SavorOne®

Earn $200 Cash Bonus — **SavorOne**® Awarded NerdWallet's Best **Credit** Card for Entertainment—Spend $500, Earn $200. **SavorOne**® Earns Unlimited 3% Cash Back on Dining, Entertainment and at Grocery Stores. Add Authorized Users. Pick Your...

      b.    Similarly, Capital One's sponsored link on Google for the Quicksilver Card features the "$200 Cash Bonus When You Spend $500 in the First 3 Months With Quicksilver" language[4]:



**Sponsored**

Capital One®
https://www.capitalone.com › creditcards › quicksilver

## Capital One® Quicksilver® Card

**Quicksilver**® Credit Card — Earn Unlimited 1.5% Cash-Back Rewards With No Hidden Fees. Apply for **Quicksilver**® Today! Earn a $200 Cash Bonus When You Spend $500 in the First 3 Months With **Quicksilver**®. Account Monitoring. 24/7 Customer Service. Add Authorized Users.

---

[3] *Capital One SavorOne*, Google (July 24, 2024), https://perma.cc/X2P3-H8FN.
[4] *Capital One Quicksilver Card*, Google.com (July 24, 2024), https://perma.cc/4A6Z-JT44.

27.     In addition to making sign-up bonus offers on its websites, Capital One also makes the sign-up bonus offer in direct mailers, in direct emails, and in social media advertisements.

a.     For example, in targeted Instagram advertisements, Capital One offers a "$200 cash bonus" for opening the SavorOne Card and spending $500 within three months:



**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

b.    Capital One emphasizes in the subject line of email advertisements directed at individual consumers that it is "pleased to present [the Quicksilver] offer for a $200 cash bonus."





**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

1

2

3

    c.    Capital One then reiterates in the email that "Once approved, you'll enjoy … "**a $200 one-time cash bonus** when you spend $500 on purchases within three months of account opening."

4

5

6

7



8

9

10

11

Click to get details

See application terms

12

13

14

You've been a great Capital One customer, so we're inviting you to apply for our Quicksilver card from Capital One.

15

Once approved, you'll enjoy

16

17

18

- A **0% intro APR for 15 months** on purchases and balance transfers, with a **15.24%-25.24% variable APR** after that. There is a 3% fee for amounts transferred within the first 15 months

19

- **Unlimited 1.5% cash back** on every purchase, every day

20

- A **$200 one-time cash bonus** when you spend $500 on purchases within 3 months of account opening*

21

22

- **No annual fee**

23

- **No foreign transaction fees**

24

25

26

27

28

**SECOND AMENDED CLASS ACTION COMPLAINT**
Case No. 3:24-cv-05677-MMC

d.      In the following direct mail example, Capital One offers a "$300 one-time cash bonus" for opening the Quicksilver card:







**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE No. 3:24-CV-05677-MMC

28.    Capital One's affiliated advertisers, including The Points Guy, Credit Karma, and NerdWallet similarly advertise Capital One's sign-up bonus offers, as illustrated below.

a.    For instance, The Points Guy's landing page for the SavorOne Card conspicuously displays an "INTRO OFFER" for cardholders to "[e]arn a one-time $200 cash bonus after you spend $500 on purchases within the first 3 months from account opening," as shown below[5]:



**Capital One SavorOne Cash Rewards Credit Card**

Terms apply. See rates & fees

## At a glance

### REWARDS RATES

**8%**    8% Cash Back on Capital One Entertainment purchases

**5%**    5% Cash Back on hotels and rental cars booked through Capital One Travel (terms apply)

**3%**    3% Cash Back on dining, entertainment, popular streaming services and at grocery stores (excluding superstores like Walmart® and Target®)

**1%**    1% Cash Back on all other purchases

### INTRO OFFER

## $200

Earn a one-time $200 cash bonus after you spend $500 on purchases within the first 3 months from account opening

---

[5] *Capital One SavorOne Cash Rewards*, The Points Guy (Nov. 30, 2023), https://perma.cc/9W2M-BMMG.

b.    Similarly, for the Savor Card, The Points Guy also advertises an "INTRO OFFER" to earn "$200 Cash Back after you spend $500 on purchases within 3 months from account opening," as shown below[6]:



# Capital One Savor Cash Rewards Credit Card

**BEST NO-ANNUAL-FEE CARD FOR FOOD AND ENTERTAINMENT**

Maximize your cash-back earning ability in high-spend categories, including dining, entertainment, popular streaming services and grocery stores (excluding superstores like Walmart® and Target®). (Partner offer)

**Apply now** 🔒

at Capital One's secure site
Terms & restrictions apply. See rates & fees

## At a glance

**REWARDS RATES**

**8%**  8% Cash Back on Capital One Entertainment purchases

**5%**  5% Cash Back on hotels and rental cars booked through Capital One Travel (terms apply)

**3%**  3% Cash Back at grocery stores (excluding superstores like Walmart® and Target®), on dining, entertainment and popular streaming services

**1%**  1% Cash Back on all other purchases

**INTRO OFFER**
**Earn $200 Cash Back**
$200 Cash Back after you spend $500 on purchases within 3 months from account opening

## Our Take

**TPG Editor's Rating** ⓘ ★★★★ 3.5/5

**Overview**

The Capital One Savor Cash Rewards Credit Card serves as a great introduction to the world of rewards credit cards. For starters, there's no annual fee, so you'll rest easy knowing that you're at an automatic net positive by opening this card. From there, earn 3% on popular everyday spending categories, which you can redeem for valuable cash-back rewards back in your pocket. If you travel internationally from time to time, you can even bring this card with you, as there are no foreign transaction fees.

**Read the full review**

**Pros**

- Strong return on common spending categories for a no-annual-fee credit card
- Simple earning and redeeming is great for beginners

---

[6] *Capital One Savor Cash Rewards Credit Card*, The Points Guy (Jan. 3, 2025), https://perma.cc/9DP7-MCWS.

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

c.    Consistent with The Points Guy, Credit Karma also offers a "Welcome Bonus" of $200, stating that cardholders can "e[]arn a one-time $200 cash bonus after you spend $500 on purchases within the first 3 months from account opening," as shown below[7]:



[7] *Capital One SavorOne Rewards Credit Card*, Credit Karma (Nov. 30, 2023), https://perma.cc/S8SA-PFWJ; *Capital One Savor Cash Rewards Credit Card*, Credit Karma (Jan. 3, https://perma.cc/CGX8-RH8W.

16

d.     NerdWallet also features the "Bonus offer" on its landing page for the Capital One SavorOne Rewards card, informing consumers that they can "[e]arn a one-time $200 cash bonus after you spend $500 on purchases within 3 months from account opening," as shown below[8]:



---

[8] *Capital One SavorOne Review: Delicious Foodie-Focused Rewards, for No Fee*, NerdWallet (Jan. 6, 2025), https://perma.cc/UD8C-NS28.

e.  The Points Guy's landing page for the Quicksilver Card prominently displays an "INTRO OFFER" for new cardholders where consumers can "[e]arn a one-time $200 cash bonus after you spend $500 on purchases within 3 months from account opening," as shown below[9]:



## Capital One Quicksilver Cash Rewards Credit Card

Terms apply. See rates & fees

# At a glance

**REWARDS RATES**

**5%**   Earn unlimited 5% cash back on hotels and rental cars booked through Capital One Travel, where you'll get Capital One's best prices on thousands of trip options. Terms apply

**1.5%**   Earn unlimited 1.5% cash back on every purchase, every day

**INTRO OFFER**

# $200

Earn a one-time $200 cash bonus after you spend $500 on purchases within 3 months from account opening

---

[9]  *Capital One Quicksilver Cash Rewards Card*, The Points Guy (Nov. 30, 2023), https://perma.cc/X9NE-L5LS.

f.    Credit Karma's Quicksilver page similarly features a "WELCOME BONUS" of $200, and separately states: "Earn a one-time $200 cash bonus after you spend $500 on purchases within 3 months from account opening," as shown below[10]:



---

[10]    *Capital One Quicksilver Cash Rewards Credit Card*, Credit Karma (Nov. 30, 2023) https://perma.cc/W5S2-FEC3.

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

g.  Consistent with the Points Guy and Credit Karma, NerdWallet displays a "Bonus offer" on its landing page for the Quicksilver card, informing consumers that they can "[e]arn a one-time $200 cash bonus after you spent $500 on purchases within 3 months from account opening," as shown below[11]:

**Rates, fees and offers**                                                      ˄

**Annual fee**
$0

**Rewards rate**
1.5%-5%

**Bonus offer**
Earn a one-time $200 cash bonus after you spend $500 on purchases within 3 months from account opening.

**Intro APR**
0% intro APR for 15 months on purchases and balance transfers; balance transfer fee applies

**Ongoing APR**
APR: 19.24%-29.24% Variable APR
Cash Advance APR: 29.24%, Variable

**Balance transfer fee**
Balance transfer fee applies

**Foreign transaction fee**
0%

**More details from Capital One**                                               ˅

**APPLY NOW** ⧉
on Capital One's website

29.     Capital One also targets individual consumers through their personal social media accounts with advertisements for a cash bonus offer for SavorOne and Quicksilver branded Credit Cards.  As  one  commentator  explained,  Capital  One  "utilizes  a  multi-channel  approach,

---

[11] *Capital One Quicksilver Review: A No-Fuss, No-Gimmicks Card*, NerdWallet (June 10, 2024), https://perma.cc/TPX5-TPNK.

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

1  incorporating social media marketing" and "leverages data-driven insights and consumer-centric

2  marketing strategies to personalize its messaging and offerings."[12]

3    30.    Additionally, consumers who apply through targeted offers received by mail, email,

4  or directed to their individual social media accounts, or who choose to apply to the Credit Cards

5  advertised on Capital One's website with the advertised New Cardmember bonus offer are shown

6  "Important Disclosures" on the actual application pages for the Credit Cards.[13] The Important

7  Disclosures link to Capital One's Application Terms, which explicitly state that sign-up bonuses

8  will be paid if cardholders meet minimum spend requirements.[14]

9    31.    Lured into the transaction by Capital One's advertised sign-up bonus, Plaintiffs and

10  Class Members applied for SavorOne Rewards and Quicksilver branded credit cards—risking a

11  temporary decrease in their credit scores when Capital One conducts a "hard inquiry" and

12  examines applicants' credit files.

13    32.    Capital One then indicated to Plaintiffs and Class Members that they had been

14  approved for a "SavorOne Rewards" or "Quicksilver" branded Credit Card. But while Capital One

15  indicated to Plaintiffs and the Class Members that they had been approved for a SavorOne or

16  Quicksilver branded Card, and had sent Plaintiffs and Class Members a Card to use that appeared

17  exactly the same as the Cards associated with the sign-up bonus, Capital One had, in fact,

18  unilaterally determined that Plaintiffs and similarly situated Class Members had not qualified for

19  the cash bonus. But, while it mentioned in fine print that it might consider them for another card,

20  Capital One never mentioned that this might mean that Plaintiffs and Class Members might be

21

22  ---

[12] *See, e.g.*, *Capital One Marketing Strategy 2024: A Case Study*, TheBigMarketing.com, (May
30, 2024), https://perma.cc/LNL6-M8PP; *see also id.* ("The marketing strategy of Capital One

23  focuses on segmentation, targeting, and positioning to effectively reach and engage its target
audience. Through the use of geographic, demographic, psychographic, and behavioral

24  segmentation, Capital One divides the market into distinct customer groups. This allows the
company to tailor its marketing efforts and offerings to meet the specific needs and preferences of

25  each segment."); *see also* https://perma.cc/MS7B-EBAV (depicting an example snapchat Capital
One social media advertisement for a similar cash back promotion).

26  [13] **Exhibit A**, SavorOne Rewards Application (July 18, 2024), https://perma.cc/PS9M-69PM;
**Exhibit B**, Savor Rewards Application (Jan. 3, 2025), https://perma.cc/W44V-MJHV; **Exhibit C**,

27  Quicksilver Application (July 18, 2024), https://perma.cc/LX3B-Y4XZ.
[14] *See* **Exhibit D**, SavorOne Application Terms (July 18, 2024), https://perma.cc/WQK9-GS4R;

28  **Exhibit E**, Savor Application Terms (Jan. 3, 2025), https://perma.cc/VX4T-GCSV; **Exhibit F**,
*Quicksilver* Application Terms (July 18, 2024), https://perma.cc/9ZKE-WPU2.

1  ineligible for the bonus. Capital One also never stated to Plaintiffs and Class Members that they

2  were no longer eligible for the sign-up bonus when it approved them for SavorOne or Quicksilver

3  branded Cards. As such, Plaintiffs and Class Members reasonably believed they had been approved

4  for the Credit Cards with the associated sign-up bonus as they had been approved for a Quicksilver

5  and Capital One branded credit card.

6     33. The webpages where Plaintiffs and Class Members applied for the SavorOne and

7  Quicksilver Cards include, at the very bottom of the page, the vague statement that "If you don't

8  qualify, we may consider you for other cards." Even if these statements indicate that Capital One

9  may consider applicants for "other cards" it does not state that this means that Capital One may

10  determine that the advertised sign-up bonus might be unavailable to them. Nowhere in the

11  language below does Capital One mention the sign-up bonus at all:

12   ⓘ  If you don't qualify, we may consider you for other cards. We'll only check your credit once, and it won't affect your SavorOne application. You'll be able to accept or decline our offer.

13  **Ex. A**, SavorOne Rewards Application.

14   ⓘ  If you don't qualify, we may consider you for other cards. We'll only check your credit once, and it won't affect your Savor application. You'll be able to accept or decline our offer.

15  **Ex. B**, Savor Application.

16   ⓘ  If you don't qualify, we may consider you for other cards. We'll only check your credit once, and it won't affect your Quicksilver application. You'll be able to accept or decline our offer.

17  **Ex. C**, Quicksilver Application.

18     34. After being approved for the SavorOne and Quicksilver branded Credit Cards,

19  Plaintiffs and Class Members then spent the amount required for the sign-up bonus in the specified

20  time, reasonably believing that they would still receive a sign-up bonus—as Capital One never

21  mentioned that the sign-up bonus it advertised did not apply to Plaintiffs and similarly situated

22  Class Members. Capital One's advertised bonus thus deceived and confused Plaintiffs and Class

23  Members into believing that they would receive a sign-up bonus. The sign-up bonus was a

24  substantial factor in Plaintiffs' and Class Members' decisions to apply for the Credit Cards, and to

25  meet the spending amount in the specified time frame.

26     35. As a result of Capital One's deceptive and bad faith practice of luring customers in

27  with the promise of a sign-up bonus and then switching the terms applicable in the process of

28

approving Plaintiffs and Class Members and omitting that the sign-up bonus no longer applied, Plaintiffs and Class Members thus suffered economic harm—the difference between the full required spending amount paid with no sign-up bonus, and the required spending amount paid less the sign-up bonus that was promised at the outset.

   **2.** ***Capital One's Deceptive Advertising of the Sign-Up Bonus to Plaintiffs***

   36. As detailed below, the advertised sign-up bonus was a substantial factor in each Plaintiffs' decision to apply for the Credit Cards and to meet spend requirements within three months of approval.

   *(i)* *Capital One advertised its SavorOne sign-up bonus to Plaintiff Masjedian and then unilaterally determined he did not qualify for it—without ever telling him that he did not qualify for it.*

   37. Mr. Masjedian first learned of the sizeable cash sign-up bonus associated with the Capital One's SavorOne branded credit cards when he began researching credit cards in the winter of 2024. Between January and May 2024, Mr. Masjedian viewed advertisements for a $200 cash bonus if he spent $500 on the card in the first three months after opening a SavorOne account on various websites, including on Capital One's website, NerdWallet, Credit Karma, The Points Guy, and Google. He saw the same offer on Instagram. Mr. Masjedian also visited Capital One's website where Capital One likewise stated he could earn $200 as a one-time cash bonus if he spent $500 within three months of opening his SavorOne account.

   38. Between January and May 2024, Mr. Masjedian conducted internet research on credit cards. Specifically, Mr. Masjedian was researching credit cards with no annual fee and was looking for the best sign-up bonus offer. It was through this research that he encountered advertisements for the SavorOne card, including the $200 sign-up bonus, on Capital One's website, NerdWallet, Credit Karma, The Points Guy, Google, and Instagram, which were substantially similar to the advertisements depicted below.

   39. While Capital One advertised a $200 sign-up bonus in all of the advertising that Mr. Masjedian reviewed, Capital One did not include any language at all in its advertising that

suggested that the sign-up bonus might not apply after he was approved for a SavorOne branded credit card.

40.    Between January and May 2024, including in May 2024 when Mr. Masjedian applied for the SavorOne credit card, he viewed a substantially similar version of the following advertisement on Capital One's website:



**SavorOne Rewards from Capital One**

Earn unlimited 3% cash back on dining, entertainment, popular streaming services & at grocery stores [1]

Credit Level: EXCELLENT

★★★★★ Read all 1,855 reviews

View important rates and disclosures

| See If I'm Pre-Approved |
| Apply Now |

| $0 annual fee | Earn $200 | Low intro APR |
|---|---|---|
| plus no foreign transaction fees on purchases made outside of the United States. | as a one-time cash bonus once you spend $500 within 3 months of account opening. [2] | 0% intro APR for 15 months on purchases and balance transfers; 19.99% - 29.99% variable APR after that; Balance transfer fee applies. See pricing and terms for details. |
| Earn 5% | Earn 3% | Earn 1% |
| cash back on hotels and rental cars booked through Capital One Travel. | cash back on dining, entertainment, popular streaming services and at grocery stores. [1] | cash back on every purchase and rewards don't expire for the life of the account. |

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

41.     Between January and May 2024, including in May 2024 when he applied for the SavorOne card, Mr. Masjedian viewed a substantially similar version of the following advertisement on NerdWallet:



42.     Between January and May 2024, including in May 2024 when he applied for the SavorOne credit card, Mr. Masjedian viewed a substantially similar version of the following advertisement on Credit Karma:



**SECOND AMENDED CLASS ACTION COMPLAINT**
Case No. 3:24-cv-05677-MMC

1     43.     Between January and May 2024, including in May 2024 when he applied for the

2    SavorOne credit card, Mr. Masjedian viewed a substantially similar version of the following

3    advertisement on The Points Guy:



4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

20     44.     Between January and May 2024, including in May 2024 when he applied for the

21    SavorOne credit card, Mr. Masjedian viewed a substantially similar version of the following

22    advertisement on Google:

23    **Sponsored**

24     Capital One®
       https://www.capitalone.com › creditcards › savorone   ⋮

25    **Capital One® SavorOne®**

26    Earn $200 Cash Bonus — **SavorOne**® Awarded NerdWallet's Best **Credit** Card for

27    Entertainment—Spend $500, Earn $200. **SavorOne**® Earns Unlimited 3% Cash Back

28    on Dining, Entertainment and at Grocery Stores. Add Authorized Users. Pick Your...

45.    Between January and May 2024, including in May 2024 when he applied for the SavorOne credit card, Mr. Masjedian viewed a substantially similar version of the following advertisement on Instagram:



**SECOND AMENDED CLASS ACTION COMPLAINT**
Case No. 3:24-cv-05677-MMC

46.    In May 2024, Mr. Masjedian used Capital One's website to apply for a SavorOne branded credit card. Mr. Masjedian filled out the application for the SavorOne Credit Card on Capital One's SavorOne landing page, where he saw "Offer Terms" substantially similar to the graphic shown below:

## Earn Unlimited 3% Cash Back on Dining, Entertainment, Popular Streaming Services & at Grocery Stores with $0 Annual Fee

**Continue to My Application**

**Bonus Offer**    Earn a one-time $200 cash bonus once you spend $500 on purchases within the first 3 months from account opening

SavorOne Rewards Application (July 18, 2024), https://perma.cc/PS9M-69PM (follow "Offer Terms" hyperlink).

47.    Mr. Masjedian applied for the SavorOne Card because of the advertising he had seen promoting this $200 cash bonus (versions of which are shown in paragraphs 40-46 directly above). Mr. Masjedian relied upon representations made by Capital One, both on its website and in its affiliated advertisers' promotions, that he would receive a sign-up bonus of $200 if he spent $500 on the Card in the first three months after opening his SavorOne account.

48.    Prior to submitting his application for the SavorOne Credit Card in May 2024, Mr. Masjedian viewed the Capital One SavorOne Application Terms, which are attached as **Exhibit D**. Mr. Masjedian did not view any language in the Application Terms suggesting that he would be ineligible for the sign-up bonus if he was approved for the SavorOne Card and met the $500 spending requirements within the first three months of opening the SavorOne Card.

49.    Mr. Masjedian did not see the language on Capital One's SavorOne application webpage stating: "If you don't qualify, we may consider you for other cards." *See* Ex. A. This language does not state that the "other cards" for which applicants may be considered do not include the advertised sign-up bonus. As a result, even if Mr. Masjedian had viewed the statement "If you don't qualify, we may consider you for other cards" before he applied for the SavorOne Card in March 2024, he would not have understood that he may not be eligible for the sign-up

1    bonus if he was approved for the SavorOne Card and met the $500 spending requirements within

2    the first three months of opening the card.

3         50.     Also prior to submitting his application for the SavorOne Credit Card in May 2024,

4    Mr. Masjedian called Capital One's customer service line to confirm that he would be fully eligible

5    for the $200 cash sign-up bonus if he was approved for the SavorOne Card and spent $500 on the

6    card in the first three months after opening his account. The Capital One customer service

7    representative with whom Mr. Masjedian spoke assured him that he would receive the bonus if he

8    was approved and met spending requirements. The representative never mentioned that Capital

9    One might decide to approve him for a version of the Card without the bonus.

10        51.     Immediately after submitting his application for a SavorOne Credit Card in May

11   2024, Mr. Masjedian was redirected to a Capital One webpage informing him that his application

12   for the SavorOne Card had been approved.

13        52.     Later in May 2024, Mr. Masjedian received his physical SavorOne Credit Card in

14   the mail from Capital One. This SavorOne Card he received was physically identical to the

15   SavorOne Credit Card that he saw with the advertised $200 sign-up bonus (in paragraphs 40-46

16   above). When Capital One mailed Mr. Masjedian his physical SavorOne Card, it also sent him the

17   Terms and Conditions that apply to his SavorOne Card, which omitted any information about the

18   sign-up bonus.

19        53.     Although Capital One indicated that he had been approved for a SavorOne branded

20   Credit Card, the Terms and Conditions that apply to Mr. Masjedian's SavorOne Card, which are

21   available to him in his online Capital One account and were sent to him with his SavorOne Card,

22   omit any information about the sign-up bonus. Mr. Masjedian had no reason to believe that he had

23   been approved on terms that made him ineligible for the sign-up bonus.

24        54.     Mr. Masjedian spent $500 on the Card in the first three months after opening his

25   account because he reasonably believed that he would receive a $200 cash sign-up bonus. Indeed,

26   when it approved him for a SavorOne branded Credit Card, Capital One never told Mr. Masjedian

27   that it had unilaterally decided to approve him for a nearly-identical version of the SavorOne Card

28   that did not include the sign-up bonus. To date, Mr. Masjedian has not received the sign-up bonus

1  Capital One advertised despite being approved for a SavorOne branded Card and meeting spend
2  requirements.

3      55.    In short, Capital One's offer of a sign-up bonus was a substantial factor in causing
4  Mr. Masjedian to apply for the SavorOne Card. Capital One's misleading offer was also a
5  substantial factor in causing Mr. Masjedian to spend $500 on his SavorOne Card in the first three
6  months. Mr. Masjedian reasonably believed that he would receive the bonus because Capital One
7  never told him in its advertising before he applied that it might decide he was ineligible for terms
8  that included the sign-up bonus. Mr. Masjedian further reasonably believed that he would receive
9  the bonus when he met spend requirements when Capital One approved him because it never told
10 him he had been approved for a SavorOne branded Credit Card but had not qualified for the bonus.
11 If Mr. Masjedian had known that he would not receive a sign-up bonus with the SavorOne Card,
12 he would not have applied for the SavorOne Card and would not have spent $500 on his SavorOne
13 Card.

14         (ii)    *Capital One advertised its SavorOne sign-up bonus to Plaintiff Nguyen and*
15                     *then unilaterally determined that he did not qualify for it—without ever*
16                     *telling him that he did not qualify for it.*

17     56.    Mr. Nguyen first learned of the sign-up bonus associated with the Capital One's
18 SavorOne branded Credit Cards when he helped his mother apply for a SavorOne Credit Card
19 account in December 2023. Mr. Nguyen's mother received an advertisement for the SavorOne
20 Credit Card in the mail, and that mailer advertisement promised a $200 cash sign-up bonus to
21 applicants who signed up for and were approved for the SavorOne Credit Card, and who spent
22 $500 on the Card in the first three months after opening their account.

23     57.    Mr. Nguyen and his mother wanted to learn more about the SavorOne Card, so in
24 December 2023, Mr. Nguyen helped her navigate to NerdWallet, where they again viewed
25 information on the SavorOne Credit Card, including the offer of a $200 cash sign-up bonus for
26 applicants who signed up for and were approved for the SavorOne Credit Card, and who spent
27 $500 on the Card in the first three months after opening their account. The information Mr. Nguyen
28 viewed on NerdWallet in December 2023 is substantially similar to the below example:

**Bonus offer**

Earn a one-time $200 cash bonus after you spend $500 on purchases within the first 3 months from account opening.

**Intro APR**

0% intro APR for 15 months on purchases and balance transfers; balance transfer fee applies

**Ongoing APR**

APR: 19.99%-29.99% Variable APR
Cash Advance APR: 29.99%, Variable

**Balance transfer fee**

Balance transfer fee applies

**Foreign transaction fee**

0%

**More details from Capital One** ⌃

**APPLY NOW** ⧉

on Capital One's website

58.　　In December 2023, Mr. Nguyen assisted his mother by clicking on the "Apply Now" button, which redirected them to Capital One's application for the SavorOne Card, where they saw "Offer Terms" substantially similar to the graphic shown below:

# Earn Unlimited 3% Cash Back on Dining, Entertainment, Popular Streaming Services & at Grocery Stores with $0 Annual Fee

**Continue to My Application**

**Bonus Offer**　　　　Earn a one-time $200 cash bonus once you spend $500 on purchases within the first 3 months from account opening

SavorOne Rewards Application (July 18, 2024), https://perma.cc/PS9M-69PM (follow "Offer Terms" hyperlink).

59.　　Mr. Nguyen's mother applied and was approved for the SavorOne credit card in December 2023, and after she spent $500 on the Card in the first three months of opening her SavorOne Credit Card, she received the $200 cash sign-up bonus, as Capital One promised.

60.　　In March 2024, Mr. Nguyen again viewed an advertisement on NerdWallet, which promoted a SavorOne branded Credit Card and a cash sign-up bonus of $200 if he spent $500 on

31

the Card in the first three months after opening his account. The offer that Mr. Nguyen viewed on NerdWallet in March 2024 was substantially similar to the example shown below:



61.    In March 2024, Mr. Nguyen clicked on the "Apply Now" button, which redirected him to Capital One's SavorOne credit card application, where he again viewed "Offer Terms" substantially similar to the graphic shown below:



SavorOne Rewards Application (July 18, 2024), https://perma.cc/PS9M-69PM (follow "Offer Terms" hyperlink).

62.     While Capital One advertised a $200 sign-up bonus in all of the advertising that Mr. Nguyen reviewed, Capital One did not include any language at all in its advertising that suggested that the sign-up bonus might not apply after he was approved for a SavorOne branded Credit Card.

63.     Mr. Nguyen applied for the SavorOne card because of the advertising he saw promoting this $200 cash bonus (versions of which are shown in paragraphs 57, 58, 60, and 61 above). Mr. Nguyen relied upon representations made by Capital One, both on its website and in its NerdWallet promotion, that he would receive a sign-up bonus of $200 if he spent $500 on the Card in the first three months after opening his account.

64.     Prior to submitting his application for the SavorOne Credit Card, Mr. Nguyen viewed the Capital One SavorOne Application Terms, which are attached as **Exhibit D**. Mr. Nguyen did not view any language in the Application Terms suggesting that he would be ineligible for the sign-up bonus if he was approved for the SavorOne Card and met the $500 spending requirements within the first three months of opening the SavorOne Card.

65.     Mr. Nguyen did not see the language on Capital One's SavorOne application webpage stating: "If you don't qualify, we may consider you for other cards." *See* Ex. A.

66.     This language does not state that the "other cards" for which applicants may be considered do not include the advertised sign-up bonus. As a result, even if Mr. Nguyen had viewed the statement "If you don't qualify, we may consider you for other cards" before he applied for the SavorOne card in March 2024, he would not have understood that he may not be eligible for the sign-up bonus if he was approved for the SavorOne card and met the $500 spending requirements within the first three months of opening the Card.

67.     Immediately after submitting his application for a SavorOne Credit Card in March 2024, Mr. Nguyen was redirected to a Capital One webpage informing him that his application for the SavorOne Card had been approved.

68.     Later in March 2024, Mr. Nguyen received his physical SavorOne Credit Card in the mail from Capital One. This SavorOne card he received was physically identical to the SavorOne Credit Card that he saw with the advertised $200 sign-up bonus (in paragraphs 57 and

33

60 above). When Capital One mailed Mr. Nguyen his physical SavorOne Card, it also sent him the Terms and Conditions that apply to his SavorOne card, which omitted any information about the sign-up bonus.

69.     Although Capital One indicated that he had been approved for a SavorOne branded Credit Card, the Terms and Conditions that apply to Mr. Nguyen's SavorOne Card, which are available to him in his online Capital One account and were sent to him with his SavorOne Card, omit any information about the sign-up bonus. Mr. Nguyen had no reason to believe that he had been approved on terms that made him ineligible for the sign-up bonus.

70.     Mr. Nguyen spent $500 on the card in the first three months after opening his account because he reasonably believed that he would receive a $200 cash sign-up bonus. Indeed, Capital One never told Mr. Nguyen that it had unilaterally decided to approve him for a nearly-identical version of the SavorOne Card that did not include the sign-up bonus. To date, Mr. Nguyen has not received the sign-up bonus Capital One advertised despite being approved for a SavorOne branded Card and meeting spend requirements.

71.     Capital One's offer of a sign-up bonus was a substantial factor in causing Mr. Nguyen to apply for the SavorOne Card. Capital One's misleading offer was also a substantial factor in causing Mr. Nguyen to spend $500 on his SavorOne Card in the first three months. Mr. Nguyen reasonably believed that he would receive the bonus because Capital One never told him in its advertising before he applied that it might decide he was ineligible for terms that included the sign-up bonus. Mr. Nguyen further reasonably believed that he would receive the bonus when he met spend requirements when Capital One approved him because it never told him he had been approved for a SavorOne branded Credit Card but had not qualified for the bonus. If Mr. Nguyen had known that he would not receive a sign-up bonus with the SavorOne Card, he would not have applied for the SavorOne card and would not have spent $500 on his SavorOne Card.

3. ***Dozens of consumers have complained that they were deceived into believing they would receive Capital One's cash-back bonus if they applied for and met spending requirements for SavorOne and Quicksilver Branded Credit Cards***

72.     Dozens of consumers have submitted complaints to the Consumer Financial Protection Bureau ("CFPB") about Capital One's deceptive marketing of the Credit Cards.

73.     Consumers have complained to the CFPB about Capital One's deceptive practices, reporting that even when they notify Capital One that they have not received the promised sign-up bonus after meeting the minimum spend requirements on their Credit Cards, Capital One was unwilling to apply the terms under which these consumers applied for their Credit Cards.

a.     "I applied for a Capital One Savor One card, on Capitol One 's website, when I was offered a promotion to receive {$150.00} signup bonus for spending {$500.00} in three months and 0 % APR for 15 months (starting at sign up, XX/XX/19) on all new purchases. I have spent the required {$500.00} and they are refusing to honor the promotion. They say I didn't sign up under the promotion. I have asked them how their system says I signed up and they can't or won't give any specifics. I was careful to follow all the instructions for the promotion given on their web page. I asked if I somehow didn't qualify and they verified that the problem was not qualification, but that their computer said I didn't sign up for that promotion. They have also charged me interest on at least one billing cycle."[15]

b.     "Applied for the CapitalOne XXXX card using their link on their site that was supposed to give {$200.00} cashback for spending {$500.00} within 3 months of getting the card. I spent the {$500.00} on the card after receiving it in the mail and I still didn't get the {$200.00} sign up bonus after 2 months, so I called CapitalOne and their representative says the offer wasn't applied to my application, even though I used their link on their official site

---

[15] Complaint No. 3525163, CFPB (Feb. 8, 2020), https://perma.cc/6S7T-3BT4.

that displayed the offer (https : //www.capitalone.com/credit-cards/savorone-dining-rewards/). This is blatant false advertising and a very slimy business strategy to get people to sign up for their cards and ultimately not honor the advertised offer."[16]

c.  "I opened a Capital One Quicksilver credit card, and I did not receive the promotional terms. The promotional terms were supposed to be 0 % APR for 15 months and a {$200.00} sign-up bonus. I received neither of these items when I signed up for the card. I tried to resolve this through the company, and they were not helpful."[17]

d.  "I applied for the capital one quicksilver card which had a {$200.00} bonus after spending {$500.00} in the first 3 months. I spent XXXX XXXX dollars in the first month alone, and then waited to receive the bonus but it never came. I reached out to Capital One on multiple occasions asking them why it had not been added to the account. The people I spoke with said that 'you do not qualify for the bonus' and that 'sometimes people are offered alternative credit cards with different terms if they don't qualify for the card they apply for, and those cards may not have had the bonus. ' I looked up what they are talking about and there are two reasons this isn't true: 1. I have seen screenshots of people who are offered alternative cards. This offer page was never given to me. I applied and then was approved for the card with the {$200.00} bonus directly and no other offers were given. 2. The card I applied for is the one I received -- the quicksilver card. It is not an alternative card. Capital one, even after escalating the issue, has said that 'this isn't the offer you applied for' which just isn't true. I know with 100 % certainty that I applied for the quicksilver with the {$200.00} bonus -- that bonus was the

---

[16] Complaint No. 4950492, CFPB (Nov. 26, 2021), https://perma.cc/BCS9-US86.
[17] Complaint No. 6592124, CFPB (Feb. 20, 2023), https://perma.cc/YT3J-W8JK.

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

reason I applied! -- so this feels like either a mistake on their end that they need to correct or extremely misleading/dishonest business practices."[18]

e.   "Three months ago, I applied for the Capital One SavorOne Rewards credit card during a promotional offer wherein the cardholder would receive a {$200.00} sign-up bonus upon spending {$500.00} within three months. According to the terms listed on the Capital One website . . . 'This one-time bonus is available by clicking the "Apply Now" button on this page, and may not be available if you navigate away from or close this page. Existing or previous cardmembers are not eligible for this product if they have received a new cardmember bonus for this product in the past 48 months.' Despite meeting all the requirements above, the sign-up bonus has not been posted to my account as of today, XX/XX/XXXX. In light of this, I contacted Capital One 's customer service, and the representative I spoke to, XXXX, informed me that my credit card offer had different terms compared to those displayed on the website. She asserted that I had not applied for the correct credit card, despite my clear understanding that I did. XXXX proceeded to share the credit card terms with me through the Capital One portal site . . . . This discrepancy between the advertised terms and the terms provided to me post-application constitutes misleading marketing practices, as it led me to sign up for the credit card with specific expectations based on the language written on the website."[19]

f.   "I applied for Capital One Quick Silver credit card that advertise a bonus promotions of {$200.00} after spending {$500.00} within 90 days after opening account. Once I meet the requirement I find out from customer service that I was issued a regular quick sliver credit card that did not have the bonus promotions. I am positive that on the application page the

---

[18] Complaint No. 8344340, CFPB (Feb. 14, 2021), https://perma.cc/2TNL-QV7E.
[19] Complaint No. 8576934, CFPB (Mar. 19, 2024), https://perma.cc/256C-R2WA.

**SECOND AMENDED CLASS ACTION COMPLAINT**
CASE NO. 3:24-CV-05677-MMC

promotion bonus was being offered. I am very upset because why would you have two of the same cards one offering a bonus and one that did not. I feel that is very misleading to the customer."[20]

74. Consumers in online forums have also complained about Capital One's deceptive tactics:

a. "Be careful when applying for these cards (or at least the SavorOne) that you don't get bait-and-switched. I applied for the SavorOne for excellent credit with the $200 bonus offer. I was approved for the card, but it was apparently for a version without the bonus offer. I didn't find this out until after the fact, and the approval screen contained no obvious sign that a bait-and-switch had occurred."[21]

b. "I order a Quick Silver credit card from Capital One that offered a $200 sign up bonus after I spent $500 in 3 months. I met their requirement and never received the $200. I called them 5 times and received incorrect information after wasting about 45 minutes per call. I finally talked to a supervisor (so she said) and I was told that I didn't qualify for the $200 and she couldn't tell me why. I was never notified before I received the card that I didn't qualify. Do not fall for Capital One's bait and switch program and go with a reputable company's credit card."[22]

c. "Bait and Switch Advertising. I saw an ad and applied for the Capital One Quicksilver Card from a link. The offer was for a $200 rebate after I charged the first $500. Capital One tells me I 'applied for the wrong card', even though there was only one link from the advertisement. I am closing the account. I believe businesses should live up to their advertisements."[23]

---

[20] Complaint No. 8592427, CFPB (Mar. 20, 2024), https://perma.cc/9L4G-R22U.
[21] Comment No. 1585878, (Mar. 27, 2023), https://perma.cc/E8BD-7ZJT.
[22] Comment by Alan, *Capital One Reviews*, CONSUMERAFFAIRS, (Jan. 8, 2023), https://perma.cc/5HZV-VD28.
[23] Comment from James, *Capital One Reviews*, CONSUMERAFFAIRS (Sept. 21, 2022),

d.   "I have been working on my credit and was offered a Quicksilver card and promised 200 after I spent 500 in 3 months. After several calls I was finally told that I did not qualify for this but was clearly told that if I qualify for the card I would get this $200 credit. I canceled immediately and paid my balance."[24]

e.   "Be wary of the $150 cash bonus offer on Quicksilver. I signed up with the offer (and have the physical letter to prove it) but CapOne refused to honor it."[25]

75.   Capital One's practices are consistent, dating back at least as early as 2019 and continuing to the present day.

**B.   Plaintiffs and Class Members Lack an Adequate Remedy at Law**

76.   Plaintiffs seek relief equitable relief because they lack an adequate remedy at law.

77.   Plaintiffs and Class Members have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiffs and Class Members are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Legal claims for damages are not equally certain as restitution because claims under the statutes herein entail few elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

78.   **Plaintiffs lack a remedy at law for breach of contract.** Former named plaintiff Omar Montes previously brought a lawsuit against Capital One based on the same conduct

---

https://perma.cc/5HZV-VD28.
[24] Comment from Randy, *Capital One Reviews*, CONSUMERAFFAIRS (Aug. 28, 2021), https://perma.cc/BYE8-6BA7.
[25] Debating to get capital one quicksilver, REDDIT (last visited Jul. 7, 2024), https://perma.cc/G9EJ-X7F8.

complained of here, for violation of breach of contract including breach of the covenant of good faith and fair dealing. *See Montes v. Capital One, Nat'l Ass'n.*, 5:23-cv-4052 (N.D. Cal. Aug. 10, 2023) ("*Montes I*"). In its motion to dismiss *Montes I*, Capital One argued that its offer of a sign-up bonus was an advertisement and not an offer that could become part of the contract between Capital One and its Quicksilver and/or SavorOne customers. The *Montes I* Court agreed, finding that Montes could not state a claim for breach of contract because the sign-up bonus offer was not part of the User Agreement. *Montes v. Capital One, Nat'l Ass'n*, 2024 WL 1643698, at *2 (N.D. Cal. Apr. 15, 2024). Plaintiffs' Complaint concerns the same conduct, and as a result, Plaintiffs do not have a viable claim for breach of contract.

79.     **Plaintiffs lack a remedy at law because common law fraud is a higher standard than required by California's Business and Professions Code.** Plaintiffs do not have a remedy at law through common law claims. A broad "tendency to confuse" standard applies under these statutes to Plaintiffs' claims. Further, a four-year statute of limitations applies to Plaintiffs' claims under the UCL and FAL. It is clear that common law fraud requires a higher standard than California's Business and Professions Code. *See, e.g., Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 399 (N.D. Cal. 2021) ("Because the UCL and FAL limit available remedies to injunctive relief, including restitution, a party suing under the UCL or FAL need not show actual falsity of the alleged misrepresentations or reliance by the plaintiff . . . . This contrasts with a common law claim for damages based on fraud, for which actual falsity, reliance, and injury are required elements."); *Power Quality & Elect. Sys., Inc., v. BP West Coast Prods. LLC*, 2017 WL 119041, at *2 (N.D. Cal. Jan. 12, 2017) (same).

80.     **The CLRA does not provide a remedy at law.** Finally, Plaintiffs lack a remedy at law under consumer statutes such as the Consumer Legal Remedies Act, because the CLRA does not apply to credit cards. *See, e.g.*, *Chen v. Bank of Am. Corp.*, 2024 WL 3367534, at *2 (S.D. Cal. July 9, 2024); *Berry v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 233 (Cal. Ct. App. 2007).

**CLASS ACTION ALLEGATIONS**

81.     Plaintiffs incorporate and reallege the above paragraphs.

82.     Plaintiffs bring this action on behalf of themselves and the members of the proposed Class, which consists of:

> All Capital One accountholders who reside in California and who, from the beginning of the applicable statutory period through present, were approved for a Quicksilver branded Card or SavorOne branded Card[26] but did not receive a sign-up bonus despite timely meeting spending requirements in the first three months of opening their accounts.

83.     Plaintiffs reserve the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

84.     Excluded from the Class are Capital One, its parents, subsidiaries, affiliates, officers, and directors, any entity in which Capital One has a controlling interest, and any legal representative, heir, or assign of Capital One. Also excluded from the Class are any federal, state, or local governmental entities, any judicial officer presiding over the action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

85.     The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the precise number which is within the knowledge of and can be ascertained only through Capital One's records.

86.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

87.     Among the questions of law and fact common to the Class are:

   a.     Whether Capital One's offer of sign-up bonuses is likely to mislead consumers;

   b.     Whether Capital One's offer of sign-up bonuses for the Credit Cards were and are false and misleading;

---

[26] A SavorOne branded Card is defined as the credit card issued by Capital One which, prior to October 2024, was called the "SavorOne" and that is now called the "Savor" card after October 2024.

**SECOND AMENDED CLASS ACTION COMPLAINT**
Case No. 3:24-cv-05677-MMC

c.    Whether the facts Capital One failed and continued to fail to disclose in its advertising were and are material;

d.    Whether reliance on Capital One's misrepresentations and omissions is presumed;

e.    Whether Capital One's acts alleged herein were unlawful;

f.    Whether consumers suffered and continue to suffer harm as a result of Capital One's acts alleged herein;

g.    The extent of the monetary loss suffered by consumers when they met spend requirements based on Capital One's misleading advertising that some of the amount spent would be returned as a cash bonus for opening a Quicksilver or SavorOne branded Credit Card;

h.    Whether Capital One's acts alleged herein were and are unfair;

i.    Whether Capital One should be enjoined from continuing to advertise as alleged herein.

88.    Plaintiffs' claims are typical of the claims of other members of the Class, in that they arise out of the same wrongful Capital One policies and practices. Plaintiffs have suffered the harm alleged and have no interests antagonistic to the interests of any other member of the Class.

89.    Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class and have retained counsel who are experienced in prosecuting class actions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

90.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

91.    While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Capital One's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:24-CV-05677-MMC

1    every member of the Class could afford individual litigation, the court system would be unduly

2    burdened by individual litigation of such cases.

3        92.    Capital One has acted or refused to act on grounds that apply generally to the Class,

4    thereby making appropriate final injunctive and corresponding declaratory relief with respect to

5    the Class as a whole.

6        93.    The prosecution of separate actions by members of the Class would create a risk of

7    establishing inconsistent rulings and/or incompatible standards of conduct for Capital One. For

8    example, one court might enjoin Capital One from performing the challenged acts, whereas

9    another might not. Additionally, individual actions may be dispositive to the interests of the Class,

10   although certain members of the Class are not parties to such actions.

11   **FIRST CAUSE OF ACTION**
**Violations of California Business and Professions Code section 17500**

12   **(By Plaintiffs and on Behalf of the Class)**

13       94.    Plaintiffs repeat and reallege each and every fact, matter, and allegation set forth

14   above and incorporate them at this point by reference as though set forth in full.

15       95.    Defendant's acts alleged herein violate California Business and Professions Code

16   section 17500. Defendant acted knowingly, recklessly, and in conscious disregard of the true facts

17   in perpetuating its deceptive advertising scheme and causing injuries to Plaintiffs and the Class.

18       96.    Plaintiffs and the Class have been misled and unfairly induced to apply for and

19   meet a minimum spend requirement on the Credit Cards. As a result of Defendant's false and

20   misleading sign-up bonus advertising and practices, misrepresentations, and omissions, Plaintiffs

21   and members of the Class applied for the Credit Cards and spent the required amount on the Credit

22   Cards to obtain the sign-up bonus and thus have been harmed in the amount of the difference

23   between the full required spending amount paid with no sign-up bonus, and the required spending

24   amount paid less the sign-up bonus that was promised at the outset.

25   **SECOND CAUSE OF ACTION**
**Violations of California Business and Professions Code section 17200**

26   **(By Plaintiffs and on Behalf of the Class)**

27       97.    Plaintiffs repeat and reallege each and every fact, matter, and allegation set forth

28   above and incorporate them at this point by reference as though set forth in full.

98.     Defendant has engaged in business acts and practices that, as alleged above, constitute unfair competition in violation of Business and Professions Code section 17200. Specifically, Defendant's acts alleged herein are unfair and likely to deceive the general public.

99.     As a result of Defendant's false and misleading sign-up bonus advertising and practices, misrepresentations, and omissions, Plaintiffs and members of the Class applied for the Credit Cards and spent the required amount on the Credit Cards to obtain the sign-up bonus and thus have been harmed in the amount of the difference between the full required spending amount paid with no sign-up bonus, and the required spending amount paid less the sign-up bonus that was promised at the outset.

100.     If Defendant is permitted to continue to engage in the unlawful, unfair, and fraudulent advertising for the Credit Cards described above, its conduct will engender further injury, expanding the number of injured members of the public beyond its already large size, and will tend to render any judgment at law, by itself, ineffectual. Plaintiffs and the Class request and are entitled to injunctive relief, enjoining Defendant from continuing to engage in the unfair, unlawful, and fraudulent advertising described herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment:

a.     Certifying the Class as requested herein;

b.     Requiring Defendant to restore the cash paid out to meet the spending requirement in the amount of the bonus promised at the outset;

c.     Interest on all such sums restored at the maximum legal rate;

d.     Enjoining Defendant from continuing to employ unfair methods of competition and commit unfair and deceptive acts and practices alleged in this complaint and any other acts and practices proven at trial;

e.     Awarding attorneys' fees and costs; and

f.     Providing such further relief as may be just and proper.

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demand a trial by jury of all issues so triable.

3

4    Date: January 6, 2025        By:  */s/ Annick M. Persinger*

5    Annick M. Persinger (CA Bar No. 272996)
*apersinger@tzlegal.com*

6    **TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070

7    Oakland, California 94612
Telephone: (510) 254-6808

8    Facsimile: (202) 973-0950

9

10    Hassan A. Zavareei (CA Bar No. 181547)
*hzavareei@tzlegal.com*

11    **TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, Northwest, Suite 1010

12    Washington, District of Columbia 20006
Telephone: (202) 973-0900

13    Facsimile: (202) 973-0950

14

15    *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED CLASS ACTION COMPLAINT**
Case No. 3:24-cv-05677-MMC